## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Claim No: 2000A12205 |
| | § | |
| vs. | § | |
| | § | |
| Marlena E. Stevenson Carr | | |

---

### COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1.  This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2.  The defendant is a resident of Oakland County, Michigan within the jurisdiction of this Court and may be served with service of process at 20865 Andover Road, Southfield, Michigan 48076.

### The Debt

3.  The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $1,663.05 |
| B. Current Capitalized Interest Balance and Accrued Interest | $2,763.12 |
| C. Administrative Fee, Costs, Penalties | $32.13 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

| E. Attorneys fees | $0.00 |
|---|---|
| **Total Owed** | **$4,458.30** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum.

### Failure to Pay

4.  Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Marlena E. Stevenson Carr
AKA: Marlena E. Stevenson & Marlena
Stevenson

Detroit, MI 48226

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 07/12/00.

On or about 09/29/88, the borrower executed promissory notes(s) to secure loan(s) of $1,550.00 from Citibank (New York State) c/o Heaf Processing Center – St.Paul, MN at 8 percent interest per annum. This loan obligation was guaranteed by Great Lakes Higher Education Corporation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 10/01/90, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $1,663.05 to the holder. The Department then reimbursed the guarantor for that claim payment under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 12/30/93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $1,663.05 |
| Interest: | $1,190.26 |
| Administrative/Collection Costs: | $32.13 |
| Late Fees: | $0.00 |
| Total debt as of 07/12/00 | $2,885.44 |

Interest accrues on the principal shown here at the rate of $0.36 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 7.20.00          Name: _____ LINDA BUTLER LOAN ANALYST
                              Title: Loan Analyst
                              Branch: Litigation Branch

HIGHER EDUCATION
P.O. BOX 64107 • ST. PAUL, MN 55164

mail HEAF copy only to this address.

GSL APPLICATION/
PROMISSORY NOTE

**SECTION A - TO BE COMPLETED BY BORROWER (PRINT IN INK—PRESS FIRMLY—OR TYPE)**

| 1. LAST (NO NICKNAMES) Stevenson FIRST Marlena M.I. E | 2. SOCIAL SECURITY NUMBER | 3. WHEN WERE YOU BORN? |

| 4. PERMANENT ADDRESS Detroit | STATE MI | 5. PERMANENT HOME PHONE ZIP 48213 |

| 6. U.S. CITIZENSHIP STATUS (CHECK ONE) ☒ U.S. CITIZEN OR NATIONAL ☐ PERMANENT RESIDENT OR OTHER ELIGIBLE ALIEN | ALIEN ID NUMBER IF APPLICABLE | 7. PERMANENT RESIDENT OF WHICH STATE M.I. | 8a. DRIVER LICENSE NUMBER (IF YOU DO NOT HAVE A LICENSE, PRINT "NONE" AND GO TO 9) NONE | 8b. STATE IN WHICH ISSUED |

| 9a. ADDRESS WHILE IN SCHOOL (STREET, CITY, STATE, ZIP) 6045 Lemay Detroit MI. 98213 | 9b. DO YOU WISH TO DEFER REPAYMENT ON ANY GSL LOAN MAY HAVE OUTSTANDING? ☐ YES (See Instruction 9b.) ☐ NO |

| 10. PHONE AT SCHOOL ADDRESS (313) | 11. MAJOR COURSE OF STUDY: SEE INSTRUCTIONS IN APP BOOKLET Cosmetology | 12. LOAN AMOUNT REQUESTED $ 1550 00 | 13. LOAN PERIOD FROM 10 88 TO 10 89 |

**PRIOR LOAN INFORMATION**

| 14. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? ☐ YES (GIVE DETAILS ON SEPARATE SHEET) ☒ NO | 15a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? ☐ YES (GO TO 15b) ☒ NO (GO TO 20a) | 15b. IF YES, TOTAL UNPAID BALANCE OF GSL LOANS $ |

| 16. UNPAID PRINCIPAL BALANCE OF MOST RECENT GSL | 17. GRADE LEVEL OF MOST RECENT GSL SEE INSTRUCTIONS IN APP BOOKLET | 18. LOAN PERIOD START DATE OF MOST RECENT GSL MO DAY YR | 19. INTEREST RATE OF MOST RECENT GSL ☐ 7% ☐ 8% ☐ 9% |

| 20a. DO YOU HAVE ANY PRIOR UNPAID SLS (ALAS) OR PLUS LOANS? ☐ YES (GO TO 20b) ☒ NO (GO TO 21a) | 20b. IF YES, TOTAL PRINCIPAL BALANCE OF PRIOR SLS (ALAS) LOANS RECEIVED DURING UNDERGRADUATE STUDY $ GRADUATE STUDY $ | 21a. DO YOU HAVE ANY UNPAID PLUS LOANS IF YOU BORROWED AS A PARENT UNDER THE PLUS LOAN PROGRAM? ☐ YES (GO TO 21b) ☐ NO (GO TO 22a) | 21b. IF YES, TOTAL UNPAID PRINCIPAL BALANCE OF PLUS LOANS $ |

**REFERENCES** (YOU MUST PROVIDE THREE NAMES, WITH DIFFERENT U.S. ADDRESSES AND PHONE NUMBERS)

| 22a. NAME Marcia White STREET CITY PHO | 22b. NAME Rozalie Stringer STREE CITY, STATE, ZIP PHONE | 22c. NAME Tynetta Hollins CITY. |

NOTICE TO BORROWER - You must read the additional Promissory Note Terms and the Borrower's Certification on the reverse side before signing this Promissory Note. PROMISE TO PAY: I promise to pay to the order of my lender the entire Loan Amount Requested shown above, to the extent that it is advanced to me, including the Guarantee Fee and the Origination Fee and Interest on the unpaid principal balance, subject to the terms and conditions described on the reverse side of this Promissory Note and in terms and conditions contained in the Disclosure Statement that will be provided to me no later than the time of first disbursement of this loan. I have read, I understand, and I agree to the Borrower's Certification on the reverse side of this Promissory Note. By signing this Promissory Note I acknowledge that I have received an exact copy of it. I understand that this is a Promissory Note. I will not sign it before reading all of it. I am entitled to a copy of this Promissory Note. By signing this Promissory Note I acknowledge that I have received an exact copy of it.

| 23a. I have read, understand, and agree to the terms of the "Borrower's Certification" printed on the back of this Promissory Note. I certify that I am not in default on any loan made under the Guaranteed Student Loan, PLUS or National Direct/Defense Student Loan program (Title IV, HEA loans) for attendance at any institution, and that I do not owe a refund on a grant received under the Pell Grant, SEOG, or SSIG program (Title IV, HEA grant) for attendance at any institution. WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 USC 1097. | SIGNATURE OF BORROWER (APPLICATION CANNOT BE PROCESSED WITHOUT SIGNATURE) X Marlena Stevenson | 23b. DATE BORROWER SIGNED 9 29 88 |

**SECTION B - TO BE COMPLETED BY SCHOOL**

| 24. NAME OF SCHOOL Virginia Farrell Beauty School | 26. PHONE (313) 7756640 | 27. SCHOOL CODE 009732 |

| 25. ADDRESS (STREET, CITY, STATE, ZIP) 23620 Harper, St Clair Shores, MI 48080 | 28. ENROLLMENT STATUS (CHECK ONE) ☒ FULL-TIME ☐ HALF-TIME |

| 29. | 30. PERIOD LOAN WILL COVER FROM MO 10 DAY 5 YR 88 TO MO 10 DAY 5 YR 89 | 31. STUDENT'S GRADE LEVEL (CHECK ONE) ☐ CORRESP ☒ UNDERGRAD 2 ☐ GRAD | 32. ANTICIPATED GRADUATION DATE MO 3 DAY 5 YR 90 | 33. STUDENT STATUS (CHECK ONE) ☒ DEPENDENT ☐ INDEPENDENT |

| 34. ADJUSTED GROSS INCOME (AGI) $ 10635 | 35. COST OF ATTENDANCE FOR LOAN PERIOD $ 6984 | 36. ESTIMATED FINANCIAL AID FOR LOAN PERIOD $ 2200 | 37. EXPECTED FAMILY CONTRIBUTION (EFC) $ 700 | 38. DIFFERENCE (ITEM 35 LESS ITEMS 36 AND 37 OR LEGAL MAXIMUM) $ 4084 |

| 39. SUGGESTED DISBURSEMENT DATES 1ST DISB. MO 10 DAY 5 YR 88 | 2ND DISB. MO 4 DAY 5 YR 89 | 3RD DISB. MO DAY YR |

| 40. SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? ☐ YES ☒ NO | 41. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? ☐ YES ☒ NO | 42. SCHOOL USE ONLY |

| I HAVE READ, I UNDERSTAND, AND I AGREE TO THE TERMS OF THE SCHOOL CERTIFICATION PRINTED ON THE REVERSE SIDE OF THIS APPLICATION. | 43. SIGNATURE OF SCHOOL OFFICIAL X Charles Dunlap | 43b. DATE 9 29 88 | 43c. PRINT NAME AND TITLE Charles Dunlap Reg |

**SECTION C - TO BE COMPLETED BY LENDER**

| 44. NAME OF LENDER CITIBANK (NEW YORK STATE) c/o HEAF PROCESSING CENTER | SLB MAILROOM | 45. PHONE 1-800-828-6103 | 46. LENDER CODE 826878 | 50. LOAN DISBURSEMENTS MO DAY YR AMOUNT |

| 45. ADDRESS (STREET, BUILDING, CITY, STATE, ZIP) P.O. BOX 64102 ST. PAUL, MN 55164 | OCT 27 1988 | 47. BRANCH CODE | MO DAY YR AMOUNT |

| 52. IS THIS AN UNSUBSIDIZED LOAN? ☐ YES ☐ NO | 53. LENDER ACCOUNT NUMBER 159831357/5408 248080 | 54. LENDER USE ONLY | | 51. TOTAL LOAN AMOUNT APPROVED $ .00 |

| | 55. SIGNATURE OF LENDING OFFICIAL X | 49. | 55b. DATE SIGNED MO DAY YR |

**SECTION D - TO BE COMPLETED BY HEAF**

| F40-60 4-87 GSL-304 | 56. HEAF USE ONLY | 57. PROMISSORY NOTE STATUS APP - REVIEW | PRINT NAME AND TITLE |

169695

OCT 24 1988

REVIEWED #1

# GSL PROMISSORY NOTE

## A. PROMISE TO PAY

The Interest, Guarantee Fee, and Origination Fee rates and terms (mentioned in the Promise to Pay on the front of this application/promissory note) are:

1. Interest on the unpaid principal balance. The applicable interest rate on this loan will be figured in the following manner: If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 6%, the applicable interest rate on this loan will be 7%. If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 7%, 8%, or 9%, the applicable interest rate on this loan will be the same as that of my other loan(s). If I have no outstanding Guaranteed Student Loans, my applicable interest rate on this loan will be 8%. I understand that if I am eligible for federal interest benefits, the interest will be paid by the Secretary of Education (Secretary) (a) during the period I am in school on at least a half-time basis, (b) during the grace period described under Repayment in this Note, and (c) during the time my loan payments are deferred as allowed by and described under Deferment in this Note. If I am a "new borrower" (as defined below) with a period of enrollment beginning on or after July 1, 1988, my applicable interest rate on this loan will be 8% through the fourth year of repayment. Beginning on the first day of the fifth year of repayment, my applicable interest rate on the loan will be 10%. A "new borrower" is one who has no outstanding balance on a GSL, PLUS, ALAS, SLS or Consolidation Loan on the date he or she signs the promissory note for a loan to cover a period of enrollment beginning on or after July 1, 1988.

2. The Guarantee Fee

HEAF may charge a fee to guarantee ...
law, applicable regulations and HEAF ...
Fee will be deducted proportionately fr...
after July 1, 1987. I understand that this ...
attributable to any disbursement I do nc...
applied to my loan balance or be return...
actual guarantee fee charged.

3. The Origination Fee will be deducted ...
by federal law and will be reflected on ...
refunded, pro rata, on undisbursed am...
disbursement, if the loan check is not ...
check is returned to the lender uncashe...

## B. DISCLOSURE OF LOAN IN...

I understand that before I receive my fi...
sure statement that identifies all the ten...

## C. GENERAL

I understand that the lender has appli...
Higher Education Assistance Foundatic...
and the terms of this Promissory Note ...
of the Higher Education Act of 1965, as...
under the Act, and the Rules and Regul...
law, this Note shall be governed by the l...

## D. REPAYMENT

I will repay this loan in periodic installme...
than the end of my grace period.

However, during the grace period I may ...
grace period begins when I cease to c...
at a school that is participating in the G...
1) The Secretary will pay the interest th...
and during any deferment period, if it ...
made on my behalf under the regulatic...
this loan is payable by the Secretary, th...
me. I may, however, choose to pay this ...
2) Once the repayment period begins I...
accrues on this loan, except that if the ...
period was payable by the Secretary, tl...
any period described under Deferment ...
3) The lender may add any interest to ...
paid when it is due, in accordance wit...
GSLP.
4) I will repay this loan over a repayme...
more than 10 years. However, the follo...
a. If, during the grace period, I request ...
a shorter period.
b. The lender may require a repaymer...
ensure that during each year of the re...
GSL, PLUS or SLS program loans ou...
least $600 of the unpaid principal of all ...
c. If I qualify for postponement of my ...
ment in this Note, or if the lender grant...
will not be included in the 5- and 10-year periods mentioned above.
5) If, during the grace period, I request a shorter repayment period, the lender may grant me a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years.
6) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 4 of this Section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
7) The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document that the lender will provide to me before the repayment period begins.
8) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

## E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

## F. DEFERMENT

I understand that in certain instances authorized by the Act the payments I am required to make, as described under Repayment in this Note, may be deferred. The instances currently authorized by the Act are described under Deferment in the HEAF application information booklet. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

## G. FORBEARANCE

If I am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment (as described in this Note) and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

## H. DEFAULT

1. Definition—I understand that under the Act, and HEAF Rules and Regulations, any of the following events is a default:
a. failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments;
b. making any false representation for the purpose of obtaining this loan;
c. using the loan proceeds for other than educational purposes;
d. failing to enroll in the school that completed the application for the time identified as my loan period;
e. not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name, or (d) change my permanent address.

... this loan:
...d amount of the loan, including interest, immedi-...
...may disclose to schools I have attended (or am ...
...default;
...from any of the following federal programs: Pell ...
...unity Grant, College Work-Study, State Student ...
...lled National Direct Student Loan), Guaranteed ...
...or Students (SLS), PLUS loans, or Consolidation ...

...ed under Repayment and Deferment in this Note;
...s, including attorney's fees, that are permitted by ...
...ion of these amounts. If this loan is referred for ...
...the Fair Debt Collection Practices Act, I will pay ...
...of the unpaid principal and accrued interest. De-...
...nd payable is at the option of the lender, which it ...
...e notice and other requirements of law. Failure to ...
...waiver of the lender's right to exercise the option ...

... I will then be required to pay HEAF all amounts ...

...rom me a late charge if I fail to pay all or part of a ...
...ys after it is due or if I fail to provide written evi-...
...payment deferred as described under Deferment ...
...6 cents for each dollar of each late installment.

## ...ION

...loan and its repayment will be reported to one or ...
...ault on this loan, the lender, holder or guaranty ...
...*bureau organizations. This may significantly and* ...
...*credit.* The lender, holder or guaranty agency ...
...e that information about the default will be dis-...
...s I enter into repayment on the loan within the 30 ...
...ponse to a request from any credit bureau orga-...
...with that organization about the accuracy and ...
...it me.

...e laws of the United States of America that the ...
...ver, certify that the information contained in my ...
...nd correct to the best of my knowledge and belief ...
...option, I authorize the lender to make my loan ...
...ool. I hereby authorize the school to pay to the ...
...up to the amount of this loan. I further authorize ...
...nd or HEAF to release to the lending institution, ...
...equested information pertinent to this loan (e.g., ...
...story, current address). I also authorize the lender, ...
...tional institution, or HEAF to make inquiries to or ...
...or or subsequent lenders or holders, with respect ...
...ts. I also authorize the lender, subsequent holder, ...
...and make inquiries to the persons I have listed in my loan application as references, for the purpose of learning my current address and telephone number. I certify that the proceeds of this loan will be used for educational purposes for the academic period stated on my loan application at the educational institution named on the application. I understand I am responsible for repaying any funds I receive that cannot reasonably be attributed to meeting my educational expenses related to attendance at that institution for the loan period stated. I certify that I am a borrower eligible for participation in the GSL program and that I do not owe a refund to any Title IV aid program. I certify that if I am eligible to apply for a Pell Grant, that I have done so or that I have requested my institution to estimate my eligibility for a Pell Grant. I further certify I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program.

## SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student has been determined by this institution, under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry to the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies, and procedures of HEAF in the administration of this loan. The information provided in Sections A and B and this School Certification is true, complete, and correct to the best of my knowledge and belief.

---

AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.
2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.
3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

| | |
|---|---|
| SIGNATURE<br>X *Kathryn [signature]* | DATE<br>*[illegible]/22/91* |
| TITLE<br>Assistant Vice President<br>~~Citibank Student Loan Business~~ | |

F0025 10-87

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE
NAME
DATE

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE
NAME
DATE